[No. 13050.    Department Two. — June 29, 1891.]

## ELIZABETH NILES, APPELLANT, *v.* WILLIAM EDWARDS, RESPONDENT.

PLEDGE OF STOCK TO BROKER — SECURITY FOR PURCHASE-MONEY — APPROPRIATION FOR PREVIOUS DEBT OF PLEDGOR — CONVERSION — LIABILITY OF BROKER TO OWNER. — A broker who receives from a customer a certificate of stock indorsed in blank, which was delivered to the customer by the owner to enable him to pledge it as security for the purchase of other stock, and which is pledged for that purpose, cannot, after having purchased such other stock, and resold the same at an advance, retain the pledged stock as security for a previous debt of the pledgor existing at the date of the pledge, if it does not appear to have been pledged for such indebtedness; and if the broker thereafter sells it and appropriates the proceeds to pay such indebtedness, he is liable to the owner of the stock for a conversion thereof.

ID. — APPARENT OWNERSHIP OF PLEDGOR — BONA FIDE HOLDER OF PLEDGE — REPAYMENT OF MONEYS ADVANCED. — The fact that the broker was ignorant of who was the true owner of the stock at the date of the pledge is immaterial, the apparent ownership of the pledgor not having resulted to his injury, and the broker not being a holder of the pledge in good faith and for value, as against the owner, after the moneys advanced on the stock were fully repaid.

ID. — CONVERSION OF STOCK — FINDINGS — CONCLUSION OF LAW. — When the facts found show a conversion of the stock of the plaintiff by the defendant, a finding that defendant did not convert the stock must be held to be a finding of a conclusion of law, and not of an ultimate fact.

ID. — REVERSAL OF JUDGMENT — JUDGMENT. — Where a judgment for the defendant in an action for damages for the conversion of personal property is reversed on appeal, a judgment for the plaintiff for the highest market value of the property between the times of the conversion and the verdict cannot be ordered, unless the findings, in addition to finding such value, also find that the action has been prosecuted with reasonable diligence.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*O'Brien, Morrison & Daingerfield,* for Appellant.

The superior court finds special facts which plainly show that there was a conversion by defendant of plaintiff's stock. The court also says that there was no conversion. This statement is rather a conclusion of law than a finding of fact. (Pomeroy's Remedies and Remedial Rights, 2d ed., sec. 510.) And a conclusion of law cannot be regarded as a finding of fact. (*Paulson* v. *Nunan,* 64 Cal. 290; *Levins* v. *Rovegno,* 71 Cal. 273.) Even if not a conclusion of law, the finding that there was no conversion is so general that the other particular ultimate facts found, if inconsistent with it, must be held to control. (*Hidden* v. *Jordan,* 28 Cal. 305, 306; *Warder* v. *Enslen,* 73 Cal. 291, 294.) The pledge having been a specific one, it was not subject to Kate Armstrong's general account; and this is so, especially when defendant knew the true ownership at a time when the stock was unencumbered. (Jones on Pledges, sec. 357.)

*Arthur Rodgers,* for Respondent.

Plaintiff, having allowed Kate Armstrong to assume the apparent ownership of the property for the purpose of pledging it, is estopped from setting up her title as against defendant. (Civ. Code, sec. 2991; *Ambrose* v. *Evans,* 66 Cal. 74; *Davis* v. *Russell,* 52 Cal. 611; 28 Am. Dec. 647.)

TEMPLE, C. — Appeal from the judgment on the judgment roll.

Judgment on the findings was for defendant; the plaintiff, who takes this appeal, claims that the findings do not support the judgment, but, on the contrary, show that plaintiff was entitled to recover.

It appears from them that defendant was a stock-broker and a member of the Stock and Exchange Board. Plaintiff was the owner of one hundred shares of stock in the Ophir Mining Company. This certificate, like many others, as the practice was, had been issued to a trustee, who had indorsed it in blank, in which form it passed from hand to hand without further assignment.

Plaintiff delivered this certificate to one Armstrong, to enable her to pledge it as security for the purchase of fifty shares of stock in the Gould and Curry Mining Company. For that purpose Armstrong deposited the certificate with defendant, who accordingly purchased the Gould and Curry stock, and afterwards sold it on Armstrong's account at a profit.

Armstrong was indebted to defendant at the time this stock was deposited with him, on a previous account. Defendant had no notice at that time of plaintiff's ownership, but was notified of such fact about two months afterwards.

It is not specifically found that the stock was pledged for the pre-existing debt, but only that Armstrong was indebted to defendant and deposited the certificate, and thereupon he purchased the Gould and Curry stock.

The Gould and Curry stock was sold March 1, 1886; and November 17, 1886, plaintiff demanded from defendant the stock and offered to pay any proper charges against it, which demand defendant refused to comply with, and also notified plaintiff that a tender was unnecessary, as he would not deliver the stock.

The findings are somewhat defective here, but we take it for granted that in offering to pay all proper charges plaintiff did not propose to pay the indebtedness of Armstrong, but simply assessments and outlays made by defendant upon the stock. The sale of the Gould and Curry stock more than repaid the new loan.

Defendant held the stock until July, 1887, when he

sold it, applying the proceeds to the indebtedness of Armstrong to himself.

The findings show the market value of the stock and the amount of damages to which plaintiff is entitled, if it be held that there was a conversion by the defendant. And upon that subject we entertain no doubt. The plaintiff is clearly entitled to judgment.

The apparent ownership of Armstrong is not shown to have resulted in injury to the defendant. On the contrary, he is better off by the transaction than he would have been by the amount of the profit realized on the Gould and Curry stock.

There is no claim that he was induced to forego any remedy he may have had against Armstrong by reason of the pledge, or that he was any worse off in any way with reference to such indebtedness. After the moneys were repaid which were advanced on the stock, we think defendant did not hold the pledge in good faith and for value, in the sense of section 2991 of the Civil Code.

There is a finding that defendant did not at any time convert the stock. This is evidently a conclusion of the court from the special facts found. If there had been no other finding, this would probably be regarded as the ultimate fact; but in the connection in which it is here found, it is simply a conclusion of law, and must be so held.

We think the judgment should be reversed, and the court below directed to enter judgment for plaintiff on the findings

BELCHER, C., and FITZGERALD, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed, and the court below is directed to enter judgment for the plaintiff on the findings.

A petition for a hearing in Bank having been filed, the following opinion was rendered thereon on the 30th of July, 1891:—

The COURT. — A rehearing of this cause is denied, but the judgment heretofore pronounced by the Department is modified so as to read as follows: For the reasons given in the foregoing opinion, the judgment is reversed, and the cause remanded for a new trial.

This modification of our previous order is made because our attention is called to the fact that there is nothing in the findings to fix the amount of the damages to which the plaintiff is entitled.

The rule of damages for conversion of personal property is prescribed by section 3336 of the Civil Code, as follows:—

"Sec. 3336. The detriment caused by the wrongful conversion of personal property is presumed to be, — 1. The value of the property at the time of the conversion, with the interest from that time, or, where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party; and 2. A fair compensation for the time and money properly expended in pursuit of the property."

In this case the date of the conversion was November 17, 1886, action commenced November 29, 1886, trial December 13, 1887.

The complaint alleges damages in the sum of one thousand dollars, and prays judgment for one thousand dollars, or for the highest market value of the stock before verdict.

Waiving all questions as to the time when the plaintiff must make his election as to which method of computing damages he will ask the court to apply, and assuming that in this case he had a right to claim the highest

market value, the findings are clearly insufficient to support a judgment on that basis.

There is, it is true, a finding that the highest market value of the stock between the conversion and the trial was three thousand three hundred dollars, but there is no finding, express or implied, that the action had been prosecuted with reasonable diligence. We could, perhaps, say, as matter of law, that the action was *commenced* in time to entitle the plaintiff to the benefit of the rule allowing the highest market value, but a whole year having elapsed between the commencement of the action and the trial, it cannot be concluded as matter of law that it was *prosecuted* with due diligence. It may have been or it may not have been so prosecuted, and without an express finding in his favor on this point, the plaintiff is not entitled to a judgment based on the highest market value; and as there is no finding of the value of the stock at the date of conversion, there is nothing to sustain a judgment based on the other branch of the rule. A retrial of the cause is therefore necessary.