[Civ. No. 532. Second Appellate District.—December 1, 1908.]

## LIZZIE CLAPP, Executrix of Will of ALBERT CLAPP, Deceased, Respondent, v. HERBERT J. VATCHER, Appellant.

ACTION BY EXECUTRIX FOR VALUE OF LAND DEEDED BY TESTATRIX WHILE INSANE—DEED BY GRANTEE—CONCLUSIVE ADJUDICATION UPON PROBATE OF WILL.—In an action by an executrix who is sole devisee under a will of a testatrix, executed several years before her death, to recover the value of land deeded by her while of unsound mind, and conveyed by the grantee, the defendant is estopped by a judgment in probate of the will pleaded by plaintiff, in the proceedings upon which it appears that defendant set up another will executed at the same time as the deed, devising the land to him, which he claimed as a revocation of the prior will, and also set up his deed as evidence of title, whereupon it was adjudged by the court that the first will was valid, and that the second will and deed were executed while the testatrix was of unsound mind and under the undue influence of the defendant, and was invalid and void, and he cannot assert anything to the contrary of such judgment, in the subsequent action by the executrix.

ID.—DEFENDANT AN INVOLUNTARY TRUSTEE—BREACH OF TRUSTS— OPTIONAL REMEDY OF BENEFICIARY.—The defendant, in taking the property under the deed while the grantor was of unsound mind, became an involuntary trustee thereof, holding for the benefit of any owner or owners thereof. The cause of action for the estate is in the nature of a cause of action for breach of trust, in conveying the property to another in violation of the trust.

ID.—MEASURE OF DAMAGES—ELECTION TO SUE FOR PROCEEDS OF SALE.— When the plaintiff, as beneficiary, instead of electing the remedy to replace the land with its fruits, as against the defendant and any purchaser from him with notice, elected to sue defendant for the proceeds of the sale, the measure of damages therefor is the amount of the proceeds with interest, under section 2237 of the Civil Code, which applies generally to all cases of trust, whether voluntary or involuntary.

ID.—CONVERSION OF PROCEEDS—CAUSE OF ACTION NOT CHANGED—ERRONEOUS INSTRUCTION AS TO MEASURE OF DAMAGES.—The allegation that defendant converted the proceeds of sale to his own use does not change the cause of action for breach of trust to one for conversion; and it was error for the court to instruct the jury that if the sale was made to prevent the plaintiff from recovering the property, the rule of damages would be the value of the property at the commencement of the action, with six per cent from that date.

ID.—SPECIAL FINDING AS TO AMOUNT OF PROCEEDS—MODIFICATION OF JUDGMENT CONDITIONED UPON CONSENT.—Where the means for modification of the judgment to express the correct rule of law appears from a special finding of the jury as to the proceeds of sale, such modification will be made, conditioned upon consent thereto filed by respondent with the clerk of this court.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

M. C. Hester, and D. Z. Gardiner, for Appellant.

J. G. Rossiter, and McNutt & Hannon, for Respondent.

TAGGART, J.—This is an action to recover the value of real property alleged to have been conveyed to the defendant by a deed made by plaintiff's testator while the latter was of unsound mind; the defendant having sold the property and appropriated the proceeds to his own use. Judgment was for plaintiff, and defendant appeals from the judgment and from an order denying his motion for a new trial.

Albert Clapp died April 1, 1903, leaving a will dated November 17, 1899, wherein plaintiff was named as executrix and devisee of certain parcels of real estate, which are specifically described in the will. The only parcel of the property located in the state of California is, "Lot No. 74 of Lincoln Park in the city of South Pasadena, County of Los Angeles, State of California." When this will was propounded for probate the defendant filed an opposition and contest on two grounds: (1) That Albert Clapp had made a later will, dated March 16, 1903, whereby he devised to defendant all his estate, both real and personal; (2) that on the same day (March 16, 1903), he also executed a deed to defendant conveying the property particularly described above, which it is averred was all the property belonging to Albert Clapp in the state of California, and that, therefore, said conveyance was wholly inconsistent with the terms and nature of the disposition of the said property made by the testator to plaintiff by the will of November 17, 1899. It was also alleged in the opposition filed that the will and deed so executed on the sixteenth day,

of March, 1903, operated to revoke the will of November 17, 1899, and the prayer of the opposition is that the last-named will be denied probate.  Proponent answered and alleged that Albert Clapp was incompetent and of unsound mind and acting under duress, menace, fraud and undue influence of defendant and one C. B. Ladd at the time of the execution of the deed and will of March 16, 1903.  The contest was heard upon these issues by the court without a jury, and it found that Albert Clapp was of unsound mind, and incapable of understanding the business in which he was then engaged, or any other business whatever, and was incompetent to make either a will or deed on March 16, 1903.  The court also found that he was not acting under duress, fraud, or undue influence, but made no finding on the issue of menace tendered.  Upon these findings an order admitting to probate the said will of November 17, 1899, as the last will and testament of Albert Clapp, deceased, was duly entered, and letters testamentary were issued thereon to the plaintiff, and she now brings this action to recover from defendant the value of the property conveyed to him by said deed, which defendant, since the probate of said will, has sold and disposed of.

The complaint contains two counts, the cause of action in the first being based upon an estoppel of defendant by the finding of the invalidity of the deed and the unsoundness of mind of Albert Clapp on March 16, 1903, and the judgment of the court made in the probate proceeding; and the second upon the unsoundness of mind and incapacity of the grantor to make the deed on the sixteenth day of March, 1903, without pleading the judgment or proceedings in probate.  The case went to trial on the first cause of action, and the plaintiff introduced in evidence the papers in the contest proceeding leading up to and including the order admitting the will of November 17, 1899, to probate, the deed and will of March 16, 1903, and the testimony of witnesses as to the value of the property at the time it was sold by defendant and also at the time of the commencement of the action, and rested her case. A motion for a nonsuit was made and denied, and an objection by plaintiff to defendant's offer of evidence tending to show that decedent was of sound mind at the time of the execution of the deed was sustained by the court.  Certain instructions were requested to be given to the jury by the defendant, but the request was denied; all of which matters

raised, or tended to raise, merely the question whether or not the defendant was estopped by the adjudication in the contest proceeding to assert the soundness of mind of the grantor at the time the deed was executed.

As to the measure of damages, the trial court instructed the jury that, (1) if the defendant acted in good faith in selling the property, the damages should be fixed at the value of the property at the date of sale and seven per cent interest from that date; (2) if the sale was made for the purpose of preventing plaintiff from recovering the property, the measure of damages would be the value of the property at the time of the beginning of the action, with interest at seven per cent from that date. In response to three special issues submitted, the jury found the value of the property to have been, at the date of the sale, $800; at the date of the commencement of the action, $1,200; and that the consideration actually received by defendant for the property was $630, which was received in August, 1903. The general verdict was for $1,200 and seven per cent interest from the time of the commencement of the action; being rendered, apparently, in accordance with the second above-mentioned instruction of the court, which was based upon the theory of defendant's bad faith in making the sale.

The will and deed of March 16, 1903, were both pleaded as grounds of opposition and contest of the probate of the will of November 17, 1899, on the theory that they worked its revocation; the former under sections 1292-1296, and the latter under section 1304 of the Civil Code, the deed being pleaded in the language of the section last cited. By the answer of plaintiff to the contest an issue was directly raised as to the mental capacity of the testator at the time of the execution of both the will and deed, and the finding thereon was necessary to the support of the order entered by the court. The validity of the will of November 17th was determined and adjudicated by the order of the court admitting it for probate, and the effect of this was to determine that the will was valid and that there was nothing to prevent its being admitted to probate. (Bigelow on Estoppel, 5th ed., p. 230.) Its probate is evidence that the will was duly executed by the testator, that he had legal capacity to execute it, and that it had not been revoked. (Black on Judgments,

2d ed., sec. 635; Code Civ. Proc., secs. 1908, 1911.) The unsoundness of mind of Albert Clapp, both at the time of executing the will and of executing the deed, was necessarily adjudged and became conclusive as to the parties before the court. (Code Civ. Proc., secs. 1908, 1911.) Had the will of March 16, 1903, been held valid, it would have revoked the one of November 17, 1899 (Civ. Code, secs. 1292-1296), and had the deed of the same date been sustained it might have done the same thing; (Civ. Code, sec. 1304.) Contestant having litigated the sufficiency of his deed to convey the property of the deceased in the probate proceedings, is estopped to assert anything contrary to the adjudication made therein, against anyone interested in the estate of Albert Clapp, deceased, as the proponent, in offering the will for probate, represented all persons claiming or to claim under the will. (*Concha* v. *Concha*, 11 App. Cas. 541; Bigelow on Estoppel, 231.)

The defendant, in taking the property under the deed of March 16, 1903, became an involuntary trustee thereof, holding for the benefit of the persons who owned the property. (Civ. Code, sec. 2224.) As he held the legal title, we see nothing inconsistent between the allegation of ownership of the deceased at the time of his death and a finding that the sale was made by defendant as trustee for Clapp, or as trustee for his estate. The cause of action by the estate of Albert Clapp is in the nature of an action for a breach of trust. We know of no rule which draws any distinction between a voluntary and an involuntary trustee as to the amount of damages that may be recovered for such a breach.

If the trustee disposes of the trust property, he is required to replace it, with its fruits, or to account for its proceeds with interest. (Civ. Code, sec. 2237.) This rule is general and applicable to cases of trusts created by constructive as well as actual fraud, and to sales of trust property made in good faith as well as to those which are fraudulent. The breach of obligation here involved is one "not arising from a contract," and therefore it would seem that if the element of fraud is to be considered as an aggravation, justifying the assessment of additional damages, the provisions of the code to be applied are those of section 3294 of the Civil Code.

No authority for the rule adopted by the court in the second instruction referred to is called to our attention, and we

know of none.   The first mentioned is substantially the first alternative provided by the code in cases of wrongful conversion of personal property.   In such cases the measure of damage is fixed at the value of the property at the time of conversion *with* interest, or the highest market value between conversion and verdict *without* interest, at the option of the party injured; the option being exercisable in the case of conversion of personal property only where the action is prosecuted with reasonable diligence.   (Sec. 3336.)   We do not agree with respondent's view that by analogy this rule is applicable here, but if we did, neither the instructions given nor the verdict rendered conform to the theory upon which the rule is based.   (*Niles* v. *Edwards,* 90 Cal. 10, 15, [27 Pac. 159, 296] ; *Fromm* v. *Sierra Nevada S. M. Co.,* 61 Cal. 629, 631.)

The option given a beneficiary of a trust by section 2237 is made effective against the transferee of the trust property, with notice of the trust, by section 2243, and the beneficiary's remedy against either or both the trustee and his grantee includes the right to have the property, with its fruits, replaced, or to recover the proceeds with interest.   If plaintiff had brought an action to replace the property, and the trustee and his transferee with notice had been unable to reconvey— in other words, if the property was held by an innocent purchaser for value—the measure of her recovery from the violator of the trust would have been the value of the property. (*Price* v. *Reeves,* 38 Cal. 457, 460.)   But, instead, she elected to sue for the proceeds, which her complaint alleges were converted by the defendant to his own use.   And it is upon this allegation that respondent rests his application of the rule of damages for conversion of personal property.   The instructions given to the jury as to the measure of damages were incorrect and erroneous, as the pleadings were framed.

As there is a special finding of the amount of proceeds received by defendant from the sale of the property, that portion of the general verdict predicated upon the erroneous instruction is readily ascertainable; and the effect of the error upon defendant's case may be remedied and adjusted by this court so as to render it harmless.   (*Salstrom* v. *Orleans etc. Mining Co.,* 153 Cal. 551, [96 Pac. 292, 296].)   The finding that $630 was the amount of the proceeds of sale of said property indicates that the jury should have rendered their

verdict on January 30, 1908, for that sum with interest, and the judgment should have been for $630, with interest thereon from August 30, 1903, to January 30, 1908, at seven per cent per annum, $194.77, or for a total of $824.77, instead of $1410. The amount of the judgment, therefore, should be reduced by the sum of $585.23.

The motion of defendant to strike out the fourth amended complaint was addressed to the sound discretion of the trial court, and we are not prepared to say that it abused this discretion. The other alleged errors relied upon for a reversal of the judgment and for the granting of a new trial have been passed upon and determined adversely to appellant's contention by the views hereinabove expressed.

It is ordered that, if the plaintiff within the time provided by law for this judgment to become final file with the clerk of this court her written consent to a modification of the judgment of the superior court by a deduction of said sum of $585.23, leaving the judgment to stand for $824.77, and costs and disbursements in the action, said judgment shall be modified accordingly and the order denying the new trial affirmed; but if such written consent be not so filed, within said time, the judgment and order denying a new trial shall be reversed. And it is further ordered that, in the event of such written consent being filed and the judgment modified only, plaintiff do have and recover her costs on appeal.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 25, 1909.