ROWLEY *v.* LAINGSBURG CEMETERY ASSOCIATION.

1. INJUNCTION—CEMETERIES—FORFEITURE—INVALID ASSESSMENTS.
   In a suit against a cemetery association to enjoin the forfeiture of burial rights in a cemetery lot deeded to plaintiff, and to quiet his title to same, injunction was properly granted on the ground that assessments which plaintiff refused to pay, and for nonpayment of which forfeiture was threatened, were invalid because voted by the trustees instead of by members or stockholders of the defendant.

On validity of regulations concerning care or improvement of cemetery lot, see note in L. R. A. 1915E, 168.

2. SAME—DECLARATORY RIGHTS NOT IN ISSUE MAY NOT BE DETERMINED.

In, such suit plaintiff was not entitled to a declaratory decree fixing his rights in the future in the event that defendant attempted forfeiture for the nonpayment of assessments voted by members or stockholders.

3. CEMETERIES—CERTIFICATE OF OWNERSHIP—BURIAL RIGHTS IN LOT—OWNERSHIP NOT ABSOLUTE.

By a certificate from a township board of health certifying that plaintiff had paid in full for the proprietorship of a cemetery lot, he acquired a right of burial in, not title to, the lot; the statute in force at the time (2 Comp. Laws 1897, § 4415) providing that the fee should remain in the board of health in trust for the township.

4. SAME—CERTIFICATE OF OWNERSHIP NOT BASIS FOR ADVERSE POSSESSION.

Where plaintiff's entry and right of possession to a cemetery lot were by permission by a certificate from the township board of health, such possession could not ripen into an absolute ownership by adverse possession.

5. SAME—CEMETERY ASSOCIATIONS—TRANSFER OF CEMETERY—STATUTES.

Plaintiff's contention that the transfer of the cemetery to defendant cemetery association was invalid because not ordered by the circuit court upon petition of the township board of health under 1 Comp. Laws 1915, § 5094, cannot be sustained, since said statute does not apply to transfers made under the provisions of the act under which defendant was incorporated (3 Comp. Laws 1915, § 11122 et seq.).

Appeal from Shiawassee; Collins (Joseph H.), J. Submitted June 8, 1921. (Docket No. 26.) Decided October 3, 1921.

Bill by William H. Rowley against the Laingsburg Cemetery Association to enjoin a forfeiture of burial rights. From the decree rendered, plaintiff appeals. Affirmed.

*Albert L. Chandler,* for plaintiff.

*Pulver & Bush,* for defendant.

CLARK, J.    For a lot in a township cemetery plaintiff received a certificate in the following form:

"SCIOTA CEMETERY.
"Township of Sciota, March 10, 1890.

"No..........

"This certifies that William Rowley has paid the sum of $6.00 in full for the proprietorship of the north half (½) of block (18) division (A) of Sciota cemetery.

"$6.00.

_____
"Chairman of Board of Health.

_____
"Clerk of Board of Health."

Several members of the plaintiff's family were buried thereafter in the lot.

In May, 1913, the defendant cemetery association was organized (3 Comp. Laws 1915, § 11122 *et seq.*). By two deeds, the first in October, 1913, and the second in November, 1919 (a question having been raised as to the validity of the first deed), remaining rights of the township in the cemetery were conveyed to the defendant under the provisions of section 8380, 3 Comp. Laws 1897 (3 Comp. Laws 1915, § 11140), and plaintiff thereby was given the right to vote at corporate meetings of defendant. Defendant's affairs were managed by a board of trustees, who determined that the owners of burial rights in the cemetery should be assessed to raise funds for the purpose of keeping the cemetery lots in a sightly condition.    Plaintiff was so assessed.    He refused to pay.    When the total of several unpaid assessments was $4.50, defendant notified plaintiff that if the assessments were not paid within 30 days from

the date of the notice, all plaintiff's rights of burial in said lot after that date would become forfeited and subject to sale.

The bill of complaint sets up in detail the attempts of defendant to levy and collect the assessments and plaintiff's resistance of the claimed right, and prays that the threatened forfeiture be restrained and that plaintiff's title to the lot be quieted. The forfeiture was enjoined. The assessments were found invalid as having been voted by the trustees instead of by the members or stockholders of the defendant. But plaintiff by his appeal seeks to have a declaratory decree fixing his rights in the event (a) that the stockholders or members vote an assessment, (b) that he, if living, refuses to pay, and (c) that upon such refusal the defendant attempts a forfeiture. Such declaration must be declined. See *Anway* v. *Railway Co.*, 211 Mich. 592; *City of Owosso* v. *Telephone Co.*, 185 Mich. 349.

The trial court correctly held that the plaintiff upon his certificate of purchase acquired a right of burial in, not title to, the lot. Counsel have shown diligence in citing authorities sustaining such holding. Some of them are: *State* v. *Scoville*, 78 Conn. 90 (61 Atl. 63); *Nicolson* v. *Daffin*, 142 Ga. 729 (83 S. E. 658, L. R. A. 1915E, 168); *Stewart* v. *Garrett*, 119 Ga. 386 (46 S. E. 427, 64 L. R. A. 99); *Jacobus* v. *Children of Israel*, 107 Ga. 518 (33 S. E. 853); *McWhirter* v. *Newell*, 200 Ill. 583 (66 N. E. 345); Perley's Mortuary Law, p. 178; *Gowen* v. *Bessey*, 94 Me. 116 (46 Atl. 792); *Partridge* v. *First Independent Church*, 39 Md. 631; *Page* v. *Symonds*, 63 N. H. 19; *Gardner* v. *Swan Point Cemetery*, 20 R. I. 646 (40 Atl. 871); 5 R. C. L. p. 246. See, also, *Badeaux* v. *Ryerson*, 213 Mich. 642.

And the statute in force when the certificate of purchase was given for the lot in the township cemetery provided that the fee of the land should re-

main in the board of health in trust for the township. See section 4415, 2 Comp. Laws 1897 (1 Comp. Laws 1915, § 5046). Nor is there merit in plaintiff's claim of title to the lot by adverse possession. His entry and possession were by permission, license, a right of burial, and they, continuing in that character, could not ripen into absolute ownership.

Upon the hearing plaintiff claimed that the transfer of the cemetery to defendant was invalid, being without an order of the circuit court upon petition of the township board of health as provided by section 5094, 1 Comp. Laws 1915. This statute the trial court correctly found—

"does not apply to transfers made under the provisions of the act under which defendant was incorporated, * * * and that the township board of health of Sciota township, or its township board could transfer to this defendant the right in this cemetery under the provisions of section 11140, 3 Comp. Laws 1915, without the permission of the circuit court."

As to the relief afforded plaintiff, the decree is affirmed, with costs to appellee.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.