RICHMOND HILLS MEMORIAL PARK ASS'N v. RICHARDSON.

1. VENDOR AND PURCHASER—CEMETERIES—FORECLOSURE.

    Vendors who sell premises for cemetery purposes and join in the platting, dedication and sale of burial lots or rights of burial therein cannot foreclose the land contract and, without more, turn the premises or any part thereof to other purposes, although they may foreclose and acquire such equitable title as may remain in the purchaser and his assigns (2 Comp. Laws 1929, § 10440 *et seq.*).

2. CEMETERIES—DEDICATION—RESTRICTED USE.

    Upon dedication to burial purposes, such a public use is fastened on the premises as to render it different from other land and no longer subject to unrestricted sale for commercial purposes (2 Comp. Laws 1929, § 10447).

3. SAME—COVENANTS RUNNING WITH LAND.

    Restrictions and limitations as to the use of property dedicated to cemetery purposes are fastened to the land regardless of the holder of the title.

4. SAME—MORTGAGES.

    A cemetery corporation has no power to create debts on the faith of lands dedicated for a cemetery or to mortgage the same (2 Comp. Laws 1929, § 10448).

5. SAME—SALE OF LANDS NOT DEDICATED.

    A cemetery corporation may sell such portions of its lands as are not used for burial purposes so long as lot owners are not deprived of the use of, or access to, their lots and the integrity of the cemetery is not interfered with (2 Comp. Laws 1929, § 10445).

6. SAME—MORTGAGES—FORECLOSURE.

    Lands of a cemetery corporation on which interments have not been made and which have not been sold for burial purposes may be sold under mortgage foreclosure (2 Comp. Laws 1929, § 10445).

(403)

7. Vendor and Purchaser—Equity—Parties—Foreclosure.

    Remedy of vendors who sold land on land contract for cemetery purposes, and later released a portion is in a court of equity where rights of all persons interested can be adequately protected hence purchaser's assignees are not entitled to injunction restraining foreclosure where land has not been entirely devoted to purpose for which purchased and but little done toward completing it for several years (2 Comp. Laws 1929, § 10440 *et seq.*).

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted January 22, 1936. (Docket No. 42, Calendar No. 38,740.) Decided April 7, 1936.

Bill by Richmond Hills Memorial Park Association, a corporation, and others against George H. Richardson and wife to enjoin foreclosure of land contract for sale of premises for cemetery purposes. Bill dismissed. Plaintiffs appeal. Affirmed.

*Leonard F. Donaldson (Keeling, Bogue & Huthwaite, of counsel), for plaintiffs.*

*Kinney & Adams, for defendants.*

Wiest, J. The bill herein was filed to enjoin foreclosure of a land contract.

October 31, 1927, defendant sold an 80-acre farm, on land contract, to Charles R. Talbot, trustee, and agreed therein to join in the execution of any plat or plats of the land and to release portions thereof upon stipulated payments. Use of the land for a cemetery was understood. In November, 1928, the Richmond Hills Memorial Park Association, a corporation, was organized under the statute (2 Comp. Laws 1929, § 10440 *et seq.*), to establish a rural cemetery upon the land and other land and for the care and maintenance thereof. December 2, 1928, Mr. Talbot assigned the land contract to that cor-

poration. The Waterford Builders Company, Inc., was organized to develop the Richmond Hills Memorial Park Cemetery and sell burial rights therein. In January, 1929, defendants joined with the Richmond Hills Memorial Park Association in platting the land and dedication of the streets, roads and parkways shown on the plat for cemetery purposes to the use and benefit of the cemetery association. April 30, 1930, defendants deeded 12.6 acres of the land to the cemetery corporation, and three burials have been there made.

Defendant George H. Richardson subscribed for stock in, and was one of the organizers of the Waterford Builders Company, Inc., the developing and sales agency of the cemetery corporation.

At the time of the hearing in the circuit 228 burial sections had been sold in the released 12.6 acres and 236 burial sections in the unreleased land had been applied for. The roads shown on the plat have been roughly graded and upwards of $120,000 has been spent in improvements and developing the cemetery property of 171 acres. The unpaid principal on the land contract amounts to $24,415 and, being in default, defendants pressed for payment. Thereupon plaintiffs filed the bill herein to restrain foreclosure of the land contract and, upon dismissal of the bill, prosecute review by appeal, contending that the sale for cemetery purposes; joinder in the platting of the cemetery; joinder in organizing the developing and sales agency corporation; sales of burial lots by that agency; burials in the cemetery and dedication by the recorded plat, estop defendants from remedy by forfeiture or foreclosure.

It is said in the brief for defendants:

"It is undoubtedly true that the defendants and appellees cannot foreclose and regain possession of

the paths and streets already dedicated by them to the purchasers of burial rights in the cemetery, nor can they foreclose the 12.6 acres released by them to the cemetery association. They are not attempting to do so. They started the foreclosure of the contract realizing that if and when they obtained possession they would be required to continue the use of the premises as a cemetery and they stand ready to do that now.''

Vendors who sell premises for cemetery purposes and join in the platting, dedication and sale of burial lots or rights of burial therein cannot foreclose the land contract and, without more, turn the premises or any part thereof to other purposes.

Defendants, as vendors, may foreclose the land contract and acquire the equitable title, so far as the same remains in the assigns of the vendee, but the, premises, as platted, and dedicated, must continue in such purpose until changed, if at all, in accordance with provisions of law, with which we now have no concern.

In *United Cemeteries Co.* v. *Strother,* 332 Mo. 971, 976 (61 S. W. [2d] 907, 90 A. L. R. 438), the holder of a deed of trust, with power of sale, joined in or consented to the platting of land as a cemetery, and it was held that:

''He assented to and helped create a condition which rendered void the power of sale in the deed of trust. When this land was thus dedicated to burial purposes, such a public use was fastened on the same that it became different from other land and was no longer subject to unrestricted sale for commercial purposes. In any sale made this use and identity as a cemetery and home of the dead must be respected and preserved. The purchaser must buy a cemetery with its restrictions and limitations.''

The restrictions and limitations, so mentioned, do not require maintenance of the equitable title in the Richmond Hills Memorial Park Association for they are fastened to the land, regardless of the holder of the title.

The act, under which the cemetery association was organized, freed from taxation lands inclosed and set apart for cemetery purposes and all rights of burial therein (2 Comp. Laws 1929, § 10447); prohibited execution of a mortgage, or other lien or incumbrance upon any of the land actually used for burial purposes (2 Comp. Laws 1929, § 10448); but empowered sale of any part or portion of the lands not occupied or required for burial purposes or for the uses of a cemetery (2 Comp. Laws 1929, § 10445).

The case at bar is not one of a mortgage, lien or incumbrance executed by the corporation upon lands actually used for burial purposes (*Avery* v. *Forest Lawn Cemetery Co.,* 127 Mich. 125), but one where a cemetery has been established upon land, purchased under a land contract which is now in default, except as to 12.6 acres, upon which the only burials have been made.

We think the applicable rule, supported by authority, is well stated as follows in 11 C. J. p. 58, § 19:

"Lands once legally devoted to, and used for, burial become appropriated to a public purpose in such a sense that the power of the body in which the legal title may rest to use or alienate the same while such dedication remains in force is restricted. It has accordingly been held that a cemetery corporation has no power to create debts on the faith of lands dedicated for a cemetery, or to mortgage the same. A cemetery corporation may sell such portions of its lands as are not used for burial purposes so long as lot owners are not deprived of the use of,

or access to, their lots and the integrity of the cemetery is not interfered with. Lands of a cemetery corporation on which interments have not been made and which have not been sold for burial purposes may be sold under mortgage foreclosure."

The circuit judge stated:

"Reading between the lines in the present case, it is quite evident that it will be many years before plaintiffs are able to use the entire 171 acres, for which they contracted, for cemetery purposes. In seven years they have released for burial purposes only 12.6 acres, and only three burials have actually been made in this tract. No recent sales have been made, and but little, if anything, has been done towards the completion of the project during the past few years. To say that they may prevent the owners of the fee from exercising their vendors' liens, merely because a small fraction of the entire project has actually been devoted to burial purposes, seems unreasonable. If defendants are permitted to proceed with the foreclosure of their contract, it will not destroy burial rights upon the released portion, and matters connected with the use of the premises dedicated to the public on the plat can be dealt with when they arise."

Remedy of the vendors must be sought in a court of equity where the rights of all persons interested can be adequately protected.

The decree, dismissing the bill, is affirmed, with costs to defendants.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.