HUSE v. EAST CHINA TOWNSHIP BOARD.

1. CEMETERIES—TITLE OF TOWNSHIP BOARD OF HEALTH.
    The township board of health holds the fee of township cemetery lands in trust for the township (CL 1948, § 327.6).

2. SAME—CERTIFICATES OF PURCHASE OF LOTS—RIGHT OF BURIAL.
    Holders of certificates of purchase of lots in township cemeteries from a township board of health acquire only the right of burial in such lots and not title thereto.

3. SAME—SALE OF PORTION OF CEMETERY.
    A cemetery corporation may sell such portion of its lands as are not used for burial purposes so long as lot owners are not deprived of the use of, or access to, their lots and the integrity of the cemetery is not interfered with.

4. SAME—SALE OF LOTS.
    Any board of health in this State may sell and convey any real estate, the fee of which is vested in it, but it may not sell lands which are or have been in actual use as a cemetery or burial ground, except by order of the circuit court (CL 1948, § 327.301).

5. SAME—TOWNSHIP—REMOVAL OF GRAVEL—RECORD OF TOWNSHIP BOARD OF HEALTH.
    Action of township in removing gravel from rear and unused portion of township cemetery was not illegal by reason of the fact that a record of such action was not kept by the township clerk in a separate record book, where statute requiring that records of township board of health be kept does not

---

REFERENCES FOR POINTS IN HEADNOTES

[2] 10 Am Jur, Cemeteries, § 22.
[3] 10 Am Jur, Cemeteries, § 24
[7] Generally as to powers of township officers, see 52 Am Jur, Towns and Townships, § 19.
[8] 3 Am Jur, Appeal and Error, § 823.
[9] 14 Am Jur, Costs, § 91.

require the record to be kept in a separate book from the record of the proceedings of the township board and the record of the case does not contain any proof of the expenditure or receipt of money by the board for cemetery purposes (CL 1948, § 327.1).

6. SAME—DAMAGES—REMOVAL OF GRAVEL.

No damages are allowed to holders of burial rights in township cemetery by reason of removal of gravel from rear and unused portion of township cemetery by trucks which were driven through the used portion of the cemetery, apparently done without any intention of causing any permanent damage and no damage appears to be presently existing.

7. TOWNSHIPS—OFFICERS—INTERFERENCE BY COURT.

Courts cannot interfere with the action of elected officials of a township in the absence of corrupt conduct or illegality on the part of such officers.

8. APPEAL AND ERROR—QUESTIONS REVIEWABLE—DAMAGES.

Action of township board in having gravel removed from rear and unused portion of township cemetery for use in grading township roads and which is not shown to have damaged lots in which plaintiffs owned burial rights rendered it unnecessary to determine whether or not they had a legal right to recover damages.

9. COSTS—PUBLIC QUESTION—CEMETERIES—REMOVAL OF GRAVEL FOR TOWNSHIP USE.

No costs are allowed in suit by owners of burial rights in a township cemetery for equitable relief by way of injunction against further removal of gravel from the cemetery, to require the refilling of the excavation pending an accounting by defendants of moneys received because of the removal of the gravel and for payment of damages, where questions presented were of public nature only.

REID, C. J., dissenting.

Appeal from St. Clair; George (Fred W.), J. Submitted October 4, 1950. (Docket No. 22, Calendar No. 44,839.) Decided May 14, 1951.

Bill by Olga Huse and others, owners of burial rights in a township cemetery, against Dwight M.

Snodgrass and others, individually and as members of Township Board of East China Township and Board of Health of East China Township, for accounting for gravel removed from cemetery and injunction. Decree for defendants. Plaintiffs appeal. Affirmed. .

*D. J. McColl, Jr.* (*Charles Upton Shreve,* of counsel), for plaintiffs.

*Milton W. Bush,* for defendants.

BUSHNELL, J. The several plaintiffs are "lot owners" in the Rose Hill cemetery of East China township in St. Clair county. The individual defendants are members of the township board and board of health. Each board was joined as a defendant.

In 1906, the township board of health acquired title to certain property which was added to and made a part of the cemetery. On June 24, 1948, at a meeting of the township board, at which Supervisor Snodgrass, Justices Marsa and Uppleger, Treasurer McCausland, and Clerk Garlick were present, the following resolution was adopted:

"Motion by Justice Uppleger and supported by Justice Marsa that we carry out the road plan as discussed, that we furnish gravel and spread on East China township highway where needed for repair and build up providing the county will furnish the labor and machinery to grade and ditch and prepare the road beds for the gravel. This gravel to be taken out of the rear end of the cemetery and the ground to be leveled and graded after removal of gravel."

Thereafter, 5,354 yards of gravel were taken from the unoccupied part of the cemetery and used on the township roads, leaving an excavation of irregular shape of varying depth with a maximum of 7 feet.

No burials had been made in the rear end of the cemetery, and it is still unused and unimproved land. The grave nearest the excavation is about 100 feet away.

Plaintiffs sought equitable relief from what they claim was the illegal action of the board and irreparable damage to the cemetery. They asked the court to restrain the removal of gravel and the refilling of the excavation pending an accounting by defendants of any moneys received by reason of the removal and sale of gravel. They also asked the court to order the rehabilitation of the cemetery and its restoration, together with payment of damages suffered by plaintiffs.

A temporary restraining order was issued, but dissolved after a hearing on the merits and the finding by the court that defendants had not acted in an unlawful manner and that plaintiffs have failed to prove any illegal sale of gravel or damage to their cemetery lots. Plaintiffs have appealed from a decree dismissing their bill of complaint.

In substance, these same questions are argued here. In addition, plaintiffs claim that the action of the township board is illegal because the township board of health has exclusive control over the matter. Defendants argue that the trial judge was correct in holding that the cemetery "lot owners" were not entitled to a money decree and that the township board which, by statute,* acts also as the township board of health, possessed authority to remove gravel for township use from the unused portion of the cemetery. Their brief states that since the decree was entered "the theretofore enjoined leveling and grading of the unused cemetery lands in question was promptly accomplished by the defendant township officers."

---

* CL 1948, § 327.1 (Stat Ann § 14.61).—REPORTER.

The township board of health holds the fee of township cemetery lands in trust for the township. CL 1948, § 327.6 (Stat Ann § 14.66). Holders of certificates of purchase from a township board of health acquire only the right of burial in lots in township cemeteries and not title thereto. *Rowley* v. *Laingsburg Cemetery Association,* 215 Mich 673, and authorities therein cited at page 676.    Also, *Wetherby* v. *City of Jackson,* 264 Mich 146.

In discussing the right of a vendor to foreclose a land contract against a cemetery corporation, the Court in *Richmond Hills Memorial Park Ass'n* v. *Richardson,* 275 Mich 403, 407, approved the rule stated in 11 CJ, p 58, § 19, which reads in part:

"A cemetery corporation may sell such portion of its lands as are not used for burial purposes so long as lot owners are not deprived of the use of, or access to, their lots and the integrity of the cemetery is not interfered with."

Any board of health in this State may sell and convey any real estate, the fee of which is vested in it, but it may not sell lands which are or have been in actual use as a cemetery or burial ground, except by order of the circuit court.    CL 1948, § 327.301 (Stat Ann § 14.201).

The township board is the board of health of the township.  CL 1948, § 327.1 (Stat Ann § 14.61).  As such it could have sold all of the unused portion of the cemetery.  Hence, it must follow that it could also use the gravel from such portion upon the township roads.  There is no proof in this record of any other disposition of gravel.

Plaintiffs argue that the township action was illegal because the clerk did not keep a record "in a book to be provided for that purpose at the expense of the township."  The statute to which plaintiffs refer (CL 1948, § 327.1 [Stat Ann § 14.61]) does not

require that the records of the proceedings of the board of health be kept in a *separate* book from that of the proceedings of the township board. The record does not contain any proof of the expenditure or receipt of money by the board for cemetery purposes.

The gravel was removed by trucks driven through the used portion of the cemetery. We can understand why plaintiffs were concerned about this affront to their feelings and aesthetic tastes. This does not, however, permit the conclusion that the board deliberately ignored the proprieties respecting the resting places of the dead of their community. We must assume that it was their intention to do this without causing any permanent damage to the appearance of the cemetery proper, and we accept the implication in defendants' brief that any damage resulting from the removal of gravel no longer exists.

On review *de novo* we find nothing in the record which requires disagreement with the conclusion of the trial judge that:

"There is no evidence that the board illegally sold any gravel or that any cemetery gravel was used by the board for private purposes. Also, there is no evidence that the lots of plaintiffs have been damaged or the land will have been damaged for cemetery purposes when the resolution is fully carried out.

"Many fair-minded people would probably disagree with the wisdom and judgment of the board's resolution. Many others would probably approve it as an expeditious way to obtain scarce gravel and build up the roads at minimum expense. These are questions a court of equity has no power to solve or decide because the law gives wide discretionary power to municipal authorities when it comes to the business of the municipality. Where there is no evidence of corrupt conduct or illegality the courts can-

not interfere with the actions of elected officials. There is no such evidence here."

Because of this conclusion it is unnecessary to determine whether plaintiffs have a legal right to recover damages, since there was no proof of damages to their lots.

The decree dismissing plaintiffs' bill of complaint is affirmed, but without costs for the same reason assigned by the trial judge in denying costs below, *i.e.,* "this is a good-faith suit presenting public questions only."

BOYLES, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred with BUSHNELL, J.

REID, C. J., (*dissenting*). I do not concur in the opinion of my Brother Mr. Justice BUSHNELL.

The defendant *board of health* is not concerned with the repair and upkeep of the public highways of the township and is without warrant of law or rule of equity in using for such repair and upkeep, property held in trust by the board of health for cemetery purposes. The care and upkeep of township highways is for the township board and not for the township *board of health.*

Justice BUSHNELL relies on the case of *Richmond Hills Memorial Park Ass'n* v. *Richardson,* 275 Mich 403, in which case suit was brought by a cemetery association. The *Richmond Hills Case* is to be differentiated from the instant case for the following reasons:

First, the effort of a cemetery association as assignee of vendee to defeat land contract foreclosure on lands not needed for burial purposes required decision very different from the claim of a trustee board of health to be exempt from accounting for violation of its duties as trustee to suitably upkeep

the cemetery already in existence on lands already acquired and needed for cemetery purposes.

Second, the lands in the *Richmond Hills Case* were such that we in that case approved a finding that there would be many years before any likelihood of the lands being used for actual burial purposes. In 7 years in that case 12.6 acres had been released for burial purposes and only 3 burials had taken place with little if anything done "during the past few years" toward the completion of the project, with a total of 171 acres originally involved in the land contract, whereas in the instant case the 5-acre tract in question was deeded to defendant board of health for cemetery purposes, said 5 acres being adjacent to and made an additional part of an "old cemetery" now and for many years in actual use, continuing in the personal attention of lot owners who are near relatives of persons buried in the old cemetery, with additional burials occurring from time to time. The 5-acre tract is in immediate demand for burial purposes and the testimony indicates a future continuing demand as such.

The deed of the 5 acres in question in the instant case is to "the township board of health of the township of East China, St. Clair county, Michigan," and the land is to "be used for cemetery purposes."

Our statute as to township boards of health contains the following:

"The said board shall also make all regulations which they may deem necessary for the interment of the dead, and respecting burying grounds for their township; and it shall also be the duty of said board to purchase in each surveyed township so much land for burying grounds as shall be necessary for burying the dead of such township, provided suitable grounds therefor can be found and procured within the township, and if not, they shall then provide such grounds in the nearest adjoining township where

such suitable grounds can be procured." CL 1948, § 327.5 (Stat Ann § 14.65):

CL 1948, § 327.6 (Stat Ann § 14.66) is in part as follows:

"The board of health of the township for which such burying ground shall be procured, and their successors in office, shall hold the fee of such land in trust for such township; and they shall keep the same, or so much thereof, as said board shall deem necessary, surrounded with a good and substantial fence; the expense of the purchase of such lands, and of fencing and regulating the same, to be certified to the town board by the board of health, and by the town board provided for as a part of the contingent expenses of the township: Provided, however, That the board of health may, whenever they think it desirable, sell and convey single or family burial lots in said township burying grounds to such person or persons as may desire to procure the same, and apply the proceeds thereof toward the purchase or improvement of said grounds, certifying the amount of all such sales and expenditures to the township board, as above provided: Provided further, That where there is more than 1 township burying ground in any 1 township, the moneys derived from the sale of lots in each of said burying grounds shall be kept separate and no moneys derived from the sale of lots in 1 of such burying grounds shall be used for the upkeep, maintenance, enlargement or beautification of any of the other township burying grounds; and a separate trust fund may be established by said board for 1 or more of each of said township burying grounds, and the moneys derived from the sale of lots in any 1 burying ground shall be used exclusively for the maintenance and upkeep of that burying ground."

CL 1948, § 327.301 (Stat Ann § 14.201) is as follows:

"That any board of health of this State may sell and convey any real estate, the fee of which is vested in them: Provided, That no real estate shall be sold by virtue of this act which is or has been in actual use as a cemetery or burial ground, unless the same shall be sold by an order of the circuit court upon the petition of the board of health of the township in which the burial ground is situated."

CL 1948, § 327.301 does not repeal the trust provision of CL 1948, § 327.6. "Repeals by implication are not favored." 16 Callaghan's Michigan Digest, p 536, citing some 32 Michigan cases. The result so far as the instant case is concerned is that the trust provisions in CL 1948, § 327.6 still stand and the township board of health is trustee of the parcel in question with power of sale but still a trustee and accountable as such.

The township *board of health* is declared a trustee of the cemetery lands for the township, and the trust is to carry out the purposes indicated in CL 1948, § 327.6 (Stat Ann § 14.66), that is, the maintenance of the cemeteries for burial purposes, especially no doubt, for people of the township.

"Wherever there exists a state of organized society, it has been found necessary to provide for the establishment and maintenance of a burial place for the dead." 10 Am Jur, p 487.

"A gift for the care, maintenance, or improvement of a public or semipublic burial ground, or for the erection and maintenance of a public monument, is charitable in nature." 14 CJS, p 442.

"Ordinarily, a municipal corporation may hold and administer property in trust, but the trusteeship must be germane to the objects of the corporation and otherwise within its charter powers." 54 Am Jur, p 104, citing Federal decisions and decisions from courts of many States.

"Counties, towns, townships, or school districts, a State, or the United States may accept and administer a trust, at least where it is for a public and charitable purpose." 54 Am Jur, p 105.

"Ground conveyed to an incorporated town, for the use of the town as a graveyard, and dedicated by the town to the public use as such, and so used by the public, is held in trust by the town for the public for burial of the dead." *Ritter* v. *Couch* (syllabus), 71 W Va 221 (76 SE 428, 42 LRA NS 1216).

It is axiomatic that a trustee may not despoil the property in his trust.

A trustee of a charitable trust may not give away nor destroy the property, the subject of the trust, and is liable to an accounting in equity for violations of his trust. A trustee who has made a wrongful sale is liable to account for the real value of the property instead of the price for which it is sold.

A trustee is liable for a loss occasioned by his improperly disposing of the property. 65 CJ, p 662, citing *Rosenau* v. *Powell,* 184 Ala 396 (63 So 1020); *Clapp* v. *Vatcher,* 9 Cal App 462 (99 P 549); *Prondzinski* v. *Garbutt,* 10 ND 300 (86 NW 969); *Silliman* v. *Gano,* 90 Tex 637 (39 SW 559, 40 SW 391); *Glasgow* v. *Nicholls,* 124 Wash 281 (214 P 165, 35 ALR 419).

Hence a trustee who has given away part of the property held in trust must surely be accountable for such wrongful act.

Plaintiffs are lot owners and as such entitled to bring a suit in chancery for violations by the defendant board of health of its duty. 5 RCL, p 248, § 13.

"A person having near relatives buried in a graveyard dedicated to the public for burial purposes has a peculiar right in its maintenance for the public use and in preventing an obstruction to the use, and may maintain a suit to enjoin an unwarranted interfer-

ence with it." *Tracy* v. *Bittle* (syllabus SW), 213 Mo 302 (112 SW 45, 15 Ann Cas 167).

We take judicial notice of the fact that in many townships, various communities have separate cemeteries the dedication, use, care and concern for each of which cemeteries principally or primarily originated with residents of the neighborhood. Persons having relatives there buried have a peculiar interest in the maintenance of that cemetery as distinguished from all other public interests of the township. The legislature must have had this situation in mind in providing that the township board of health must not use the proceeds of the sale of lots in 1 cemetery for the upkeep of another cemetery even in the same township, so that while the board of health is a trustee of more than 1 cemetery for the same township, such trust is in large measure a separate trust as to each cemetery, even though on suitable terms burial may be permitted to inhabitants in any part of the township.

Our statute, CL 1948, § 327.6, above cited, clearly sets forth the trust relation that exists on the part of the defendant board of health to the title of the lands and maintenance of the cemetery in question.

It is undisputed that the cemetery in question in the instant case, including the southerly portion of the 5 acres in question, has been in use for many years, and that there are many new owners of lots. Receipts from sales of lots in 1949 were $159.92; in 1948, $138.00; in 1947, $373.00; in 1946, $205.16. The hauling away of gravel by defendants in October, 1948, of upwards of 5,354 yards, has left an excavation over the greater part of the 5 acres in question, and 7 feet deep in places. The undisputed testimony is that the 5 acres in question has been left in an unsightly condition, sizeable trees were uprooted, leaving an inviting place for deposit of tin cans with

water standing there. It is a matter of common knowledge that cemeteries are almost invariably located on high ground where water will not stand in the graves. The 5-acre tract is left in a condition not approvable for relatives to deposit their dead and unfit for cemetery purposes.

The actions of defendant board are against the rights of lot owners in the cemetery as giving the immediate property the appearance of desecration and of dishonor to the dead, and creating unsuitable surroundings for the old cemetery, as well as making the new tract, the 5 acres, entirely nonusable for cemetery purposes. This is a violation of the trust.

A statement by defendants in their brief (but not in the record) as to what they claim has been done with the property since the trial is not evidence, is not conceded and should not be accorded any reliance by us.

The plaintiff lot owners are not, under the circumstances of this case, entitled to receive personally any award of damages but are entitled to the injunctive relief and restoration of the cemetery prayed for.

The decree appealed from should be reversed. A decree should be entered in this Court in accordance with this opinion, and remanding the case to the trial court to see that the terms of the decree are carried out. Costs of both courts to plaintiffs.