ATTORNEY GENERAL *v.* COMMON COUNCIL OF THE CITY
OF DETROIT.

MUNICIPAL CORPORATIONS — POWERS — MANUFACTURES — PAVING
BRICK.

    A city cannot engage in the manufacture of paving brick for
    use upon its own streets without an express grant of power,
    the brick being purchasable in the open market, and their
    manufacture therefore not being necessary to the exercise of
    the city's right to pave its streets.

Appeal from Wayne; Mandell, Murphy, and Brooke,
JJ. Submitted October 15, 1907. (Docket No. 53.) De-
cided December 10, 1907.

Bill by John E. Bird, attorney general, to enjoin the
common council of the city of Detroit, Frances A. Blades,
controller, William B. Thompson, treasurer, and Frank
Reich from using a fund raised by taxation for the con-
struction of a municipal paving-brick plant. From a de-
cree for complainant, defendants appeal. Affirmed.

*Charles Flowers*, for complainant.

*P. J. M. Hally* (*Timothy E. Tarsney*, of counsel), for
defendants.

HOOKER, J. The attorney general filed the bill in this
cause to enjoin the city of Detroit from using a fund raised
by tax for the purpose of paying for the construction of a
municipal plant for the manufacture of brick to be used
in paving, for which a contract had been made with one
Frank Reich, by direction of the common council. The
defendant has appealed from a decree sustaining com-
plainant's contention, and perpetually enjoining the pay-
ment of the fund as prayed. The only question in the
case is whether the legislature has authorized the city to
make such a contract.

We agree with the opinion filed in the circuit court that the power to engage in the business of brick making, is not included in the powers expressly granted to the city, and that it is neither fairly implied in, nor incident to, such powers as are expressly granted, nor is it indispensable or even essential to the declared objects and purposes of the corporation. While the law permits municipal corporations to do those things which are necessary to accomplish the objects of their creation, under an implication of power (see 1 Dillon on Municipal Corporations [4th Ed.], § 89; 8 Current Law, p. 1062), the right has not usually been held to go so far as to permit them to engage in the manufacture of articles necessary to their lawful enterprises, where they are in common use and are to be had in the open market.

The decree is affirmed, with costs.

MCALVAY, C. J., and CARPENTER, OSTRANDER, and MOORE, JJ., concurred.