(158 App. Div. 183.)

### CITY OF NEW YORK v. KELSEY.

(Supreme Court, Appellate Division, Second Department.   July 25, 1913.)

1. CEMETERIES (§ 3*)—CONSTITUTIONAL LAW (§ 208*)—EMINENT DOMAIN (§ 2*)
   —STATUTES—VALIDITY—LOCATION OF CEMETERY—DISTANCE FROM CITY
   WATER SUPPLY.

   Laws 1868, c. 591, entitled "An act to prevent burials near the reservoirs and ponds" used for the water supply of the city of Brooklyn, and making it unlawful to establish any cemetery or place of burial within half a mile of any reservoir or pond used to supply Brooklyn with water, except that nothing contained therein should prevent burials in any established cemetery or grounds held by any duly organized religious corporation or society, was a proper exercise of police power and not unconstitutional as depriving the landowner of property rights without compensation or as discriminatory between persons and corporations.

   [Ed. Note.—For other cases, see Cemeteries, Cent. Dig. § 3; Dec. Dig. § 3;* Constitutional Law, Cent. Dig. §§ 649–677; Dec. Dig. § 208;* Eminent Domain, Cent. Dig. §§ 3–12; Dec. Dig. § 2.*]

2. CONSTITUTIONAL LAW (§ 47*)—STATUTES—CONSTRUCTION.

   In determining whether a statute is constitutional it must be considered in the light of what may be done under it and not what has been done under it.

   [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 43–45; Dec. Dig. § 47.*]

Appeal from Special Term, Nassau County.

Suit by the City of New York against Augustus D. Kelsey. Decree for complainant, and defendant appeals.   Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

Thomas Young, of Huntington (Francis G. Hooley, of Rockville Centre, on the brief), for appellant.

James D. Bell, of Brooklyn (John B. Shanahan, of Brooklyn, on the brief), for respondent.

CARR, J.   [1] This is an appeal from a judgment of the Special Term in Nassau county, decreeing a permanent injunction against the defendant as to the use of certain lands owned by him in Nassau county, situated at Rockville Center, for purposes of a public cemetery. The land in question adjoins an existing cemetery, known as the Rockville Cemetery.   These lands are described in the complaint herein.   Permission was given to the defendant by the board of supervisors of Nassau county to devote said lands to the purposes of a pub-

lic cemetery. Within half a mile of these lands is situated a large pond of water, known as "Smith's Pond," which forms a part of the water supply system of the present borough of Brooklyn and the former city of Brooklyn. This pond was a part of the water supply system of the city of Brooklyn prior to the enactment of chapter 591 of the Laws of 1868, which provides as follows:

"An act to prevent burials near the reservoirs and ponds used for the supply of the city of Brooklyn with water.

"Passed May 5, 1868.

"The people of the state of New York, represented in Senate and Assembly, do enact as follows:

"Section 1. It shall not be lawful to establish any cemetery or place of burial, or burial vaults, or other place for the reception or burial of dead bodies, or to bury, or deposit in vaults, any dead body, within a distance of half a mile of the Ridgewood reservoir, or any other reservoir, or any ponds used for the supply of the city of Brooklyn with water. But nothing herein contained shall be construed to prevent burials in any cemetery already established, or grounds now held by any religious corporation or society organized under the laws of this state.

"Sec. 2. This act shall take effect immediately."

The city of New York brought this action to enjoin the use of said lands for public cemetery purposes, as being in violation of the aforesaid statute. Judgment went for the plaintiff, but without any opinion from the trial court.

It is argued on this appeal that the act in question is unconstitutional in two aspects: First, that it deprives the owner of real property of a valuable property right in his land without compensation; and, second, that it makes an unlawful discrimination between various persons or corporations.

It seems that the obvious purpose of the act was to prevent the establishment of any more public cemeteries within a half mile from any reservoir or pond which formed a part of the water supply system of the city of Brooklyn. The appellant contends that the method in which this purpose is expressed is arbitrary, in that the distance of half a mile is taken, without regard to the lay of the land, or the actual question whether or not there was any danger of contamination of the sources of water supply. That the Legislature has power to prevent the erection of any additional public cemeteries within certain prescribed limits seems beyond question. If it has this power, then it may determine for itself, as a measure of absolute precaution, within what distances from sources of public water supply cemeteries may be erected. It might have said 300 feet, or 1,000 feet, but it has said at one-half mile, and it has taken this outside limit as a matter of absolute safety. Considering the sources of water supply of the borough of Brooklyn, ponds, streams, which are largely fed by percolating underground waters, it is impossible to say that the Legislature transcended its limits of power. To sustain an act as constitutional, it is not necessary that proof should be given to show that the act is reasonable, but the burden is upon those who attack the act to establish by proof, unless it is a matter of judicial cognizance, that the act is in its nature not only unreasonable but confiscatory of existing legal rights. Neither do we think that the act is to be condemned on the

ground of unlawful discrimination between persons or corporations within the same locality. The Legislature is presumed to have known just what cemeteries existed within a half mile of the Ridgewood reservoir, and the ponds of the Brooklyn water system, and likewise what burial grounds there were attached to churches and owned by religious corporations. It could have said, as it did say, that there were in its judgment sufficient of those existing burial grounds, and that there should be no further extensions or additions to them.

[2] It is argued, however, that the act is to be considered in the light of what may be done under it, not what has been done under it. Of course this is true. Then it is argued that under this act it would be unlawful for any man to inter on his farm lands a dead body, even if the place of interment was a private and not a public cemetery. In times long gone by it was the habit of many people to bury their dead on their own lands, and not in public cemeteries; but this custom has disappeared and the objection of the appellant is, in our judgment, unsubstantial. If necessary to uphold the act, it might be so construed as to relate only to places used for general cemetery purposes. In any event, we think we should affirm the judgment, with costs.

Judgment affirmed, with costs. All concur.