DANIEL H. BAYLIS and Others, Suing on Behalf of Themselves and All Other Owners of Lots in the Cemetery at Elmont, Nassau County, Who Will Contribute to the Expenses of This Action, Respondents, v. JOHN H. VAN NOSTRAND, Individually and as the Alleged President of an Alleged Corporation Known as "ELMONT CEMETERY, INC.," and as an Alleged Director Thereof, and ELMONT CEMETERY, INC., an Alleged Corporation, Appellants, Impleaded with NETTIE BAYLIS and Others, Defendants.

Second Department, January 12, 1917.

Membership corporations — incorporated cemeteries — Membership Corporations Law, section 85, construed — incorporation of existing cemetery association in county of Nassau — constitutional law — acquisition of contiguous lands.

Section 85 of the Membership Corporations Law (as added by Laws of 1913, chap. 139), providing that a cemetery corporation shall not hereafter be incorporated for the purpose of conducting its operations in the county of Nassau, applied only to cemeteries established after the passage of the act.   It had no application to existing unincorporated cemetery associations and such associations may incorporate under the Membership Corporations Law.

Such act was not unconstitutional, for the Legislature has power to control the question of new and additional cemeteries.

Where the amendment to an act copies, without substantial change, the words of a prior statute, it is not considered as a new enactment but as a continuance of the former statute.

Although the unincorporated cemetery association at Elmont, Nassau county, which had been in existence for many years, could lawfully incorporate in the year 1914, after chapter 139 of the Laws of 1913 went into effect, nevertheless, on the enactment of chapter 178 of the Laws of 1916, amending section 85 of the Membership Corporations Law, it was pro-

hibited from acquiring any additional contiguous land for cemetery purposes, not being an existing corporation prior to 1913, and thus not being within the exception contained in said amendment.

APPEAL by the defendants, John H. Van Nostrand, individually and as president, and Elmont Cemetery, Inc., from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Nassau on the 17th day of August, 1916, overruling their demurrers to the complaint.

*Elvin N. Edwards* [*Harvey J. George* with him on the brief], for the appellants Van Nostrand and Elmont Cemetery, Inc.

*Charles Coleman Miller*, for the respondents.

CARR, J.:

The sole question on this appeal is whether the complaint states a cause of action in equity. Taking the opinion of the court at Special Term and the complaint together for comparison, supplemented by the respondents' brief, it is evident that the Special Term was of opinion that the entity known as "Elmont Cemetery, Inc.," was not legally incorporated. The legality of the formal apparent incorporation of this entity depends entirely upon the construction of section 85 of the Membership Corporations Law (Consol. Laws, chap. 35; Laws of 1909, chap. 40) as added by chapter 139 of the Laws of 1913. Before the enactment of the amendatory statute of 1913 there was for upwards of 100 years a rural unincorporated cemetery at Elmont in Nassau county. The act of 1913 provided in set language that "A cemetery corporation shall not hereafter be incorporated for the purpose of conducting its operations in the county of Nassau." The entity, legal or otherwise, known as "Elmont Cemetery, Inc.," filed its articles of incorporation in 1914, and the first question is whether the act of 1913 absolutely forbade the incorporation. We think not. At the time of the enactment of 1913 there was, as before stated, an unincorporated rural cemetery known as "Elmont Cemetery." Section 79 *et seq.* of the Membership Corporations Law permitted generally the incorporation of such cemeteries in a prescribed manner. Did section 85 of the same statute, as added in 1913,

repeal by implication *pro tanto* as to Nassau county the provisions of section 79 *et seq.* ? The appellant asserts that, so far as the statute of 1913 applies to Nassau county, it is unconstitutional on several assigned grounds, but we do not see the force of either of them. The Legislature had the power to control the question of new and additional cemeteries. (*City of New York* v. *Kelsey,* 158 App. Div. 183; affd., 213 N. Y. 638.) What was the legislative intent as expressed in the act of 1913 ? We think that it is reasonably clear that the Legislature did not intend to prevent a then existing but unincorporated cemetery body from incorporating thereafter in the manner as provided in section 79 *et seq.* of the Membership Corporations Law, and that its sole object was to prevent future incorporation of then non-existent cemetery bodies. In 1916 it enacted an amendatory statute (Laws of 1916, chap. 178) which thereafter took such a body as the "Elmont Cemetery" without the language of section 85 as added in 1913. This circumstance is not controlling, but it is strongly illustrative of what was the actual legislative intent in 1913.

Since the oral argument of this appeal, the respondents, on consent of the appellants, filed a supplemental brief, in which it is urged that if chapter 139 of the Laws of 1913 did not prevent the legal incorporation of the entity known as "Elmont Cemetery," it did in fact prohibit that body from acquiring for cemetery purposes any additional contiguous land. The prohibition expressed in that statute is in terms as follows: "Nor shall it be lawful for any corporation, association or person, except as herein provided, hereafter to acquire or take by deed, devise or otherwise, or to set apart or use, any land in the said county for cemetery, burial or mausoleum purposes. Nothing herein contained shall prevent existing corporations owning in the said county cemeteries in which burials have been made prior to January first, nineteen hundred and thirteen, from acquiring contiguous land for cemetery purposes in the manner now permitted by law." At the time this action was brought, section 85, as aforesaid, had been amended by chapter 178 of the Laws of 1916. But the amendatory act recited that section 85 "is hereby amended to read as follows," and the language in the amendatory act relating to "existing

cemetery corporations" is copied without substantial change from the statute as it stood prior to the amendment. Under these circumstances, this language in the act of 1916 is not to be considered as a new enactment, but as a continuance of the provisions of the former statute. (*Homnyack* v. *Prudential Ins. Co.*, 194 N. Y. 456, 460; *Gibbs* v. *Queen Insurance Co.*, 63 id. 114, 121.) The defendant, the Elmont Cemetery, was not an "existing corporation" at the time of the enactment of section 85 in 1913, and that section of the statute, as amended in 1916, applies only to corporations "existing" at the time of the enactment of the original statute of 1913. Under these circumstances, assuming due incorporation of the Elmont Cemetery in November, 1914, it did not possess the power to acquire contiguous lands for cemetery purposes at the time this action was brought, and the complaint, therefore, states a cause of action.

The order overruling the demurrers should be affirmed, with ten dollars costs and disbursements, with the privilege to the defendants of serving answers within twenty days on payment of all costs and disbursements.

THOMAS, STAPLETON, MILLS and RICH, JJ., concurred.

Order overruling demurrers affirmed, with ten dollars costs and disbursements, with the privilege to the defendants of serving answers within twenty days on payment of all costs and disbursements.