CITY COMMISSION OF JACKSON *v.* HIRSCHMAN.

1. MUNICIPAL CORPORATIONS—HOME-RULE ACT—MANDATORY PROVISIONS.

    Provisions of home-rule act (1 Comp. Laws 1929, § 2230) that charter shall provide for annual appropriations and tax levies for municipal purposes are mandatory.

2. SAME—POWER TO CHANGE FISCAL YEAR.

    Under home-rule act (1 Comp. Laws 1929, § 2228 *et seq.*) city has implied power to change fiscal year.

3. SAME—CONSTRUCTION OF STATUTE.

    Considering purpose of home-rule act, it should be construed liberally and in home-rule spirit.

4. SAME—AMENDMENT TO CHARTER—CHANGING FISCAL YEAR—ANNUAL APPROPRIATIONS.

    Amendment to city charter setting fiscal year ahead six months, and providing for temporary tax levy for six months period to provide funds for payment of city expenditures for said period, is not in violation of home-rule act providing for annual appropriations.

5. SAME—ELECTIONS—IRREGULARITIES—AMENDMENT TO CHARTER.

    Irregularities in election for amendment of city charter are not fatal to validity thereof, in absence of showing that any elector was misled or hindered in voting by reason thereof.

Appeal from Jackson; Miller (Guy A.), J., presiding. Submitted February 24, 1931. (Calendar No. 35,573.) Decided March 11, 1931.

Mandamus by City Commission of the City of Jackson to compel Harry A. Hirschman, city treasurer, and Clifton H. Vedder, city clerk, to borrow funds pursuant to directions by the plaintiff. Herbert E. Trumbull and others, taxpayers, intervene

as defendants. From an order granting the relief prayed, defendants appeal. Affirmed.

*Benjamin Kleinstiver,* for plaintiff.

*Bisbee, McKone, Wilson & King,* for defendants.

*Frank L. Blackman,* for intervening defendants.

McDONALD, J. This is an appeal from a circuit court judgment in mandamus. The question in issue arises out of the refusal of the city clerk and the city treasurer of Jackson, Michigan, to negotiate a loan as directed by the city commission. The loan is authorized by recent amendments to the city charter. The purpose of the amendments was to change the fiscal year of the city of Jackson from January 1st to July 1st. In the accomplishment of this purpose, it was necessary to provide funds for the payment of city expenditures for the six months period between January and July, that is, from the last day of the old fiscal year to the first day of the new fiscal year. Consequently, the amendments provided for a six months budget, a six months appropriation and a six months tax levy. It is this provision that gives rise to the present controversy. The defendants contend that, inasmuch as the home-rule act (1 Comp. Laws 1929, § 2228 *et seq.*) only provides for "annually laying and collecting taxes" and for "an annual appropriation of money for municipal purposes" (§ 2230), the city has no power to provide for a six months appropriation and levy.

The determination of this question requires a construction of the home-rule act, for, if the city has power to make a six months appropriation and tax levy, it is because the power is conferred expressly or impliedly by that act.

The applicable portion of the act will be found in 1 Comp. Laws 1915, § 3306 (amended by Act No. 126, Pub. Acts 1929), being section 2230, 1 Comp. Laws 1929. It provides in part as follows:

"Sec. 3. Each city charter shall provide: * * *
"(g)  For annually laying and collecting taxes in a sum not to exceed two per centum of the assessed value of all real and personal property in the city.
"(h)  For an annual appropriation of money for municipal purposes."

These provisions are mandatory, and if the charter amendments had sought to change the policy of annual appropriations and tax levies to periods of six months, it clearly would have been within the inhibition of the act. But no such change was attempted. The amendments make provision for a continuance of annual appropriations and levies. The only change made is for a temporary levy to bridge over the gap created by setting the fiscal year ahead six months. This was necessary in order to put into effect the change in the fiscal year. A reading of the home-rule act shows that it is rather comprehensive in its provisions as to what the city may or may not incorporate in its charter, but it leaves many things to be implied from the power conferred. One of these implied powers is the power to change the fiscal year. In changing the fiscal year by setting it ahead six months, there is necessarily created a six months interval in which the city would be without funds to carry on its municipal business. Of what use would be the power to change the fiscal year if there did not go with it the power to do whatever was essential to put the change into effect? It surely was not the intention of the legislature to

confer power and withhold the means of exercising it. The purpose of the legislative enactment was to give the city a large measure of home rule. It relates to matters strictly municipal. Considering its purpose, it should be construed liberally and in a home-rule spirit. The change of its fiscal year is conceded to be very desirable and of great benefit to the city of Jackson. The tax levy for the six months period will not increase the amount of taxes beyond what it would be if they were included in the annual appropriation and levy. It is a necessity for the city and imposes no additional burden on the taxpayers. In *Bowler* v. *Nagel,* 228 Mich. 434 (37 A. L. R. 1154), this court said:

" 'When action is taken by a State or one of its municipal subdivisions, manifestly in the interest of its people as a whole, and the rights of individuals are not abridged thereby, and such action is not within the inhibition of some constitutional or statutory provision, it should be upheld as a valid exercise of authority, though lacking in any positive grant of power to support it.'

"The power must, of course, be found in the legislative enactment. It need not, however, be delegated in express words. *City of Kalamazoo* v. *Kalamazoo Circuit Judge,* 200 Mich. 146. It is sufficient if it be 'necessarily or fairly implied in or incident to the powers expressly granted' or 'essential to the accomplishment of the declared objects and purposes,' as set forth in the enactment. 1 Dillon on Municipal Corporations (5th Ed.), § 237."

In the instant case, the sole purpose of the charter amendments was to change the fiscal year. The city had power to make the change and incident thereto was the power to do what was necessary and essential to its accomplishment. The necessity to levy taxes to tide the city over to the new fiscal year is obvious. It was purely municipal business within

the scope of local self-government. The circuit judge correctly held that it did not invalidate the amendments.

Further objections affecting the validity of the ·charter amendments are that they were not lawfully submitted to the electors. These objections go to the form of submission, advertisement, posting of notices, and conduct of the election. We have carefully considered all of them and are not convinced that they have sufficient merit to require discussion. There were irregularities, but the important fact is that there is no claim or showing that any elector was misled or hindered in his voting by reason of such irregularities. The record shows that for months immediately preceding the election the amendments were given the widest publicity and every opportunity afforded the voter to intelligently and freely express himself at the polls. We find no irregularity fatal to the validity of the amendments.

The judgment of the circuit court is affirmed, without costs.

Butzel, C. J., and Wiest, Sharpe, and Fead, JJ., concurred. Clark, Potter, and North, JJ., did not sit.