## WETHERBY v. CITY OF JACKSON.

1. CEMETERIES—PUBLIC CONTROL.
    Burial is right subject to public control.

2. SAME—POLICE POWER—REGULATION OF BURIAL.
    Right of legislature in exercise of police power to regulate burial of dead may be delegated to municipalities.

3. SAME—RULES GOVERNING CITY-OWNED CEMETERIES.
    Home-rule city, having acquired cemeteries, owns them, and is governed by same rules which control private corporations engaged in similar business under like circumstances (1 Comp. Laws 1929, §§ 2235, 2236).

4. SAME—CONTROL OF CEMETERY MAY NOT BE ARBITRARY.
    Home-rule city owning cemeteries has right to control them, but such control must not be exercised in arbitrary, unreasonable, or capricious manner.

5. INJUNCTION—CEMETERIES—RIGHTS OF UNDERTAKERS.
    If members of home-rule city's cemetery board or superintendent of cemeteries act in arbitrary, capricious, or unreasonable manner contrary to rights of duly licensed embalmer and undertaker, injunction is appropriate remedy (1 Comp. Laws 1929, § 2235, 2236).

6. CEMETERIES—BURIAL RIGHTS—FEE TO CEMETERY LOT.
    Under lawful rules and regulations of city council and cemetery board, parties may purchase and acquire rights of burial, but not absolute title in fee to lots in city's cemeteries, nor will continuing possession ripen into absolute title in fee.

7. SAME—BURIAL RULES IN CITY-OWNED CEMETERY.
    Where there is no discrimination against persons conducting funerals in home-rule city's cemeteries, rules of cemetery board providing that funerals, while within cemetery grounds, shall be under control of superintendent of cemeteries, and that no tents except those owned by city will be allowed in

city cemeteries for funerals, may not be said to be arbitrary, capricious, and unreasonable or contrary to rights of duly licensed embalmer and undertaker (1 Comp. Laws 1929, §§ 2235, 2236).

Appeal from Jackson; Williams (Benjamin), J. Submitted June 13, 1933. (Docket No. 96, Calendar No. 36,997.) Decided June 29, 1933.

Bill by Charles K. Wetherby against City of Jackson, a municipal corporation, and S. Benjamin Hoffman, superintendent of cemeteries, to enjoin enforcement of certain cemetery rules. Bill dismissed. Plaintiff appeals. Affirmed.

*N. E. Bailey* and *R. H. Rossman,* for plaintiff.

*Burney E. Brower,* for defendants.

POTTER, J. Plaintiff, a duly licensed embalmer, undertaker, and funeral director, attacks, by bill in equity, as invalid, certain rules and regulations of the city commission of the city of Jackson, and seeks to restrain defendants from enforcing the same against him; seeks an injunction against the superintendent of cemeteries, and complains of the misconduct of the superintendent of cemeteries of defendant city. From a decree for defendants, plaintiff appeals. The important question is the validity of the rules and regulations of defendants attacked. These are, that funerals, while within the cemetery grounds, shall be under the control of the superintendent of cemeteries or one of his assistants, and that no tents except those owned by the city will be allowed in the city cemeteries for funerals. Plaintiff claims these rules are arbitrary, capricious, and unreasonable as applied to him. Burial is a right

subject to public control. *Perkins* v. *Lawrence,* 138 Mass. 361; *Kincaid's Appeal,* 66 Pa. 411 (5 Am. Rep. 377). The right of the legislature in the exercise of the police power to regulate burial of the dead may be delegated to municipalities. *Campbell* v. *Kansas City,* 102 Mo. 326 (13 S. W. 897, 10 L. R. A. 593); *Page* v. *Symonds,* 63 N. H. 17 (56 Am. Rep. 481); 11 C. J. p. 51.

The city of Jackson is a "home rule" city. 1 Comp. Laws 1929, §§ 2235, 2236, provide for acquisition either within or without the city by "home rule" cities, of cemeteries. The charter of Jackson provides for acquisition by the city of cemeteries. The city of Jackson, having acquired such cemeteries, owns them (5 R. C. L. p. 244); and is governed by the same rules which control private corporations engaged in a similar business under like circumstances. *Andrews* v. *City of South Haven,* 187 Mich. 294 (L. R. A. 1916 A, 908, Ann. Cas. 1918 B, 100). The city as proprietor has a right to control its cemeteries, but such control must not be exercised in an arbitrary, unreasonable, or capricious manner. *Laurel Hill Cemetery* v. *City and County of San Francisco,* 152 Cal. 464 (93 Pac 70, 27 L. R. A. [N. S.] 260, 14 Ann. Cas. 1080); *Ritchey* v. *City of Canton,* 46 Ill. App. 185; *State, ex rel. City of St. Paul,* v. *Ramsey County District Court,* 114 Minn. 287 (131 N. W. 327); *City of New York* v. *Kelsey,* 158 App. Div. 183 (143 N. Y. Supp. 41), affirmed 213 N. Y. 638 (107 N. E. 1074); *Iuszkewicz* v. *Luther,* 30 R. I. 570 (76 Atl. 829); 11 C. J. p. 51.

Plaintiff claims the rules prescribed by the defendant city, above mentioned, are arbitrary, capricious, and unreasonable as applied to him. Persons desiring to bury dead in defendants' cemeteries are required to acquire a right of burial substantially similar to that prescribed by 2 Comp. Laws 1929,

§§ 6480, 10403, 10431, 10445. The charter of the city of Jackson provides:

"The city commission shall make such regulations for the burial of the dead, the care, management, and protection of the grounds, monuments, and appurtenances of the cemeteries, buildings, and other improvements in all parks or public grounds and for the public use and enjoyment thereof and the orderly conduct of persons therein, as may be consistent with the general laws."

"An ordinance relative to city cemeteries of the city of Jackson," adopted September 17, 1900, provides for the creation of a cemetery board, and that:

"Said board, subject to the directions and ordinances of said council, shall have the care and management of such cemeteries and the buildings therein, and shall have the power to employ a superintendent and such laborers as may be necessary therefor; shall direct the improvements and embellishments of the grounds; * * * fix the price of lots, and make the sales thereof."

It is also provided:

"It shall be the duty of the superintendent to superintend the grounds in the city cemeteries, to keep the walks and drives in good condition and repairs, and also the public grounds and unsold lots, and to see that the rules and regulations in this ordinance prescribed are properly observed, for which he shall receive such compensation as may be established by the common council."

The individual reputation of members of the cemetery board, their tenure of office, acting on the rights of others in the face of a people vigilant to watch and active to discern, and the force of public opinion, ordinarily, may be relied upon to keep the board and superintendent of cemeteries within the

legitimate sphere of their undoubted rights. *Upjohn* v. *Richland Township Bd. of Health,* 46 Mich. 542 (41 Am. Rep. 178). If the members of the cemetery board or the superintendent of cemeteries act in an arbitrary, capricious, and unreasonable manner contrary to plaintiff's rights, an injunction is the appropriate remedy. *Upjohn* v. *Richland Township Bd. of Health, supra; Township of Oneida* v. *Allen,* 137 Mich. 224.

Under the lawful rules and regulations of the city council and cemetery board of the city, parties may purchase and acquire rights of burial, but not the absolute title in fee to cemetery lots in defendants' cemeteries. *Rowley* v. *Laingsburg Cemetery Ass'n,* 215 Mich. 673. The entry of the lot owner and his possession is by permission—a license under a right of burial—and continuing possession by him cannot ripen into an absolute title in fee. *Rowley* v. *Laingsburg Cemetery Ass'n, supra.* Persons acquiring burial lots in cemeteries of the city of Jackson have a right personally to care for, beautify, adorn, and improve the same (*Chariton Cemetery Co.* v. *Chariton Granite Works,* 197 Iowa, 403 [197 N. W. 457, 32 A., L. R. 1402]) subject to reasonable rules and regulations that such improvements shall conform to the general plan for improving and beautifying the cemetery and the manner of doing the same. *Scott* v. *Lakewood Cemetery Ass'n,* 167 Minn. 223 (208 N. W. 811, 47 A. L. R. 64); *Ex Parte Adlof,* 86 Tex. Cr. 13 (215 S. W. 222). These cases are based upon the theory that a cemetery is not only a place where the dead may be buried, but one in which the living may express their affection and respect of the dead by marking and decorating the place of interment and beautifying its surroundings. *Ex parte Adlof,*

*supra; Mansker* v. *Astoria,* 100 Ore. 435, 459 (198 Pac. 199, 199 Pac. 381). What the owner of the lot may do personally he may cause to be done by his agents or employes. These cases are not controlling of the question here involved. No one is compelled to purchase or acquire a cemetery lot in cemeteries belonging to the city of Jackson. One has a right to lawfully acquire a cemetery lot or right of burial in any other municipality than that in which he lives. The regulations complained of do not concern the exercise of control over the lots in question after burial. They involve the conditions attached to the use of lots and the exercise of the right of burial therein. They place, in the interest of uniformity and order, the control and direction of funerals under the general superintending control of the superintendent of cemeteries or his assistants. The rule prohibiting the erection of the tents of private funeral directors for use at funerals and compelling the use of the tents of the city or of the cemetery board is a condition attached to the exercise of the right of burial, and may be justified under the police power which has to consider rights of other lot owners than those where burial is to take place, and may be justified upon the ground of public revenue for the care, support, and maintenance and ornamentation of the cemetery itself. So long as there is no discrimination between persons conducting funerals, there is no ground for attacking this rule. The trial court arrived at a correct conclusion.

Decree affirmed, but without costs, public questions being involved.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred with POTTER, J. WIEST, J., concurred in the result.