HOME OWNERS' LOAN CORP. *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—POWERS.

A municipal corporation possesses and can exercise powers (1) granted in express words, (2) necessarily or fairly implied in or incident to powers expressly granted, and (3) essential to accomplishment of declared objects and purposes of the corporation, not those simply convenient for doing so; all fair, reasonable, substantial doubt concerning the existence of power being resolved against the corporation.

2. Same — Lien for Water Bills — Discontinuance of Service — Charters—Statutes.

> A home rule city, after repeal of previous statutory authority and before enactment of subsequent enabling statute, *held,* to have no right to impose a lien for water service nor to discontinue furnishing same, where the sole authority for imposition of such lien and discontinuance of service rested in charter provision (Act No. 90, Laws of 1853, as amended by Act No. 476, Local Acts 1901, repealed by Detroit Charter 1918, title 10, § 1; title 4, chap. 12, § 9; Act No. 178, Pub. Acts 1939).

Appeal from Wayne; Ferguson (Homer), J. Submitted January 2, 1940. (Docket No. 6, Calendar No. 40,621.) Decided March 15, 1940.

Bill by Home Owners' Loan Corporation against City of Detroit and Board of Water Commissioners of the City of Detroit to restrain the defendants from discontinuing water service and to determine that no lien exists for unpaid water bills. Decree for plaintiff. Defendant appeals. Affirmed.

*F. W. Armstrong, John F. Langs, M. E. Fink,* and *R. F. Molyneaux,* for plaintiff.

*John P. O'Hara,* Corporation Counsel, and *Paul T. Dwyer,* for defendants.

Bushnell, C. J.   Plaintiff corporation made loans upon various properties in the city of Detroit. At that time many delinquent water bills affecting those properties were paid. It has since acquired title to a number of such properties either through conveyance after default or by foreclosure of its mortgages. Since acquiring title, plaintiff has paid water bills as they became due. During the period that some of these mortgages were in force, the mortgagors or those holding possession under them failed to pay defendants for the water that was used

on the premises, and it is with respect to these unpaid bills that the city and its board of water commissioners claim to have a lien upon the several premises superior to plaintiff's title. In addition to claiming a lien, defendants threaten to discontinue water service to certain premises unless these delinquent bills are paid.

Plaintiff filed a bill of complaint seeking a determination of the lien question and seeking to restrain the defendants from discontinuing the water service to the properties then or thereafter owned by itself or its successors in title.

On some of the water bills rendered by defendants prior to February, 1934, the following statement appeared:

"This bill is for water used at premises designated on face of bill and premises are responsible for payment."

Others read:

"This bill is for water used at premises designated on face of bill and these premises are responsible for payment of the charges."

Subsequent to February, 1934, water bills recited:

"This bill is for water service to the premises designated on the face of the bill, and by virtue of the Detroit city charter, is a lien against the property served."

Title 4, chap. 12, § 9, of the charter of the city of Detroit, adopted June 25, 1918, provides:

"And such water rates shall become and be, until paid, a lien upon such house or other building and upon the lot or lots upon which such house or building shall be situated."

It is contended by defendants that the claimed lien is authorized by this charter provision. Plaintiff's

argument, that the charter provision lacks statutory authorization and is without effect, was approved by the trial court.

Act No. 476, § 9, Local Acts 1901, reads:

"And such water rate shall become a continuing lien until paid upon such house or other building and upon the lot or lots upon which such house or other building is situated."

The authority for the present charter of the city of Detroit is contained in the home rule act (Act No. 279, Pub. Acts 1909 [1 Comp. Laws 1929, § 2228 et seq. (Stat. Ann. § 5.2071 et seq.)]). Under this act, the city was permitted to provide in its charter for the alteration, amendment, or repeal of any special act affecting any municipal concerns or existing municipal department, excepting the department in control of the public schools. See 1 Comp. Laws 1929, § 2240 (Stat. Ann. § 5.2083).

Under this permissive authority, the charter of the city of Detroit, in title 10, § 1, repealed Act No. 326, Local Acts 1883, and "all acts amendatory thereof and supplemental thereto, and all special acts relating to the city (except such as no city may alter, amend or repeal)." Act No. 476, Local Acts 1901 (amending Act No. 90, Laws of 1853), was one of those embraced by this recital.

It is claimed by plaintiff that there is no express provision in the Constitution or any existing statutory authority for the establishment of a lien for delinquent water bills. The defendants rely upon the general authorization contained in 1 Comp. Laws 1929, § 2240 (Stat. Ann. § 5.2083) which reads:

"Each city may in its charter provide: * * * For the exercise of all municipal powers in the management and control of municipal property and in the administration of the municipal government, whether such powers be expressly enumerated or

not; for any act to advance the interests of the city, the good government and prosperity of the municipality and its inhabitants and through its regularly constituted authority to pass all laws and ordinances relating to its municipal concerns subject to the Constitution and general laws of this State.''

The court, in *Toebe* v. *City of Munising*, 282 Mich. 1, quoted with approval 1 Dillon, Municipal Corporations (5th Ed.), § 237, as follows:

''It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the following powers, and no others: first, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; third, those essential to the accomplishment of the declared objects and purposes of the corporation,—not simply convenient, but indispensable.   Any fair, reasonable, substantial doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied.''

This principle was considered in *Bowler* v. *Nagel,* 228 Mich. 434 (37 A. L. R. 1154), the court holding that a charter amendment providing for retirement of employees and payment of pensions was good because supported by statutory authorization, citing *City of Kalamazoo* v. *Titus,* 208 Mich. 252, and *Clements* v. *McCabe,* 210 Mich. 207.

In discussing the question of implied power raised in the *Bowler Case,* the court said:

''The power must, of course, be found in the legislative enactment. It need not, however, be delegated in express words. *City of Kalamazoo* v. *Kalamazoo Circuit Judge,* 200 Mich. 146.   It is sufficient if it be 'necessarily or fairly implied in or incident to the powers expressly granted' or 'essential to the accomplishment of the declared objects and purposes' as set forth in the enactment.''

In *City of Kalamazoo* v. *Titus, supra,* it was held that, although the city had power under the home rule act to regulate and control the use of its streets by public utilities, the power to fix rates at which gas could be sold by a utility could not be inferred. See, also, *Attorney General* v. *Detroit,* 150 Mich. 310 (121 Am. St. Rep. 625); *City of Detroit* v. *Oakland Circuit Judge,* 237 Mich. 446; and *Van Eaton* v. *Town of Sidney,* 211 Iowa, 986 (231 N. W. 475, 71 A. L. R. 820).

Authorities cited in the briefs of the parties hereto, involving questions concerning proprietary and governmental functions involved in tort actions, are beside the point.

Annotations containing authorities on the subject under discussion may be found in 13 A. L. R. p. 346, 28 A. L. R. p. 472, and 55 A. L. R. p. 789.

Notwithstanding the language of title 4, chap. 12, § 9, of the Detroit city charter, the claimed lien must fail because of the lack of statutory authorization. The same observation applies to the claimed right to discontinue water service to plaintiff's premises.

The relief desired in this instance by the city cannot be had from the courts, but must be and has been sought from the legislature.

Act No. 178, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 2440-1 *et seq.*), approved June 8, 1939, and given immediate effect, provides a lien for water furnished by municipalities. The act cannot be considered in our determination of the matters now in controversy, it having been enacted subsequent to the filing of plaintiff's bill of complaint.

The conclusion reached by the trial judge being in accord with our conclusion, the decree entered below is affirmed, with costs to plaintiff.

SHARPE, POTTER, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.