Joseph R. MORRISON et al.

v.

CITY OF PORTLAND.

Supreme Judicial Court of Maine.

Jan. 20, 1972.

————◆————

Preti & Flaherty by Robert D. Platt, Portland, for plaintiffs.

Robert W. Donovan, Corp. Counsel, Wendell R. Davidson, Asst. Corp. Counsel, Portland, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WEBBER, Justice.

The issue here is whether or not the complaint seeking a declaratory judgment and injunctive relief states a claim on which relief can be granted. The Justice below concluded that it did not and entered judgment for the defendant.

The complaint alleges in substance that plaintiffs are engaged in the business of selling cemetery markers and monuments for profit; that the defendant City of Portland maintains one or more cemeteries; that in 1970 defendant enacted an ordinance (Exhibit A attached to complaint) limiting the type of markers permitted to be placed in a designated section of Evergreen Cemetery and providing that such markers may be purchased, although not exclusively, "through the cemetery concerned"; and that in this respect the ordinance was ultra vires and placed the defendant as an active seller of these markers in unfair competition with plaintiffs. The decision below rested on the view that "municipal cemeteries have a right to engage in the sale of these memorials as an incidental operation of this cemetery." We reverse.

In our view the guidelines laid down in Laughlin v. City of Portland, (1914) 111 Me. 486, 499, 500, 90 A. 318, 323, 324 are fully applicable here. In Laughlin the Court was examining the constitutionality of a statute enabling municipalities to sell fuel at cost to its inhabitants. Turning its attention to what constitutes a public use when sales by municipalities are involved, the Court said:

"Its two tests are: first, the subject-matter, or commodity, must be one 'of public necessity, convenience or welfare.' * * * The second test is the difficulty which individuals have in providing it for themselves. The causes creating the difficulty may vary, but if the difficulty exists, the test is met."

The Court carefully pointed out the limitations upon involvement of a municipality in private enterprise in these terms:

"But it is urged, why, if a city can establish a municipal fuel yard, can it not enter upon any kind of commercial business, and carry on a grocery store, or a meat market or a bakery. The answer has been already indicated. Such kinds of business do not measure up to either of the accepted tests. When we speak of fuel, we are dealing not with ordinary articles of merchandise for which there may be many substitutes, but with an indispensable necessity of life, and more than this, the commodities mentioned are admittedly under present economic conditions regulated by competition in the ordinary channels of private business enterprise. The principle that municipalities can neither invade private liberty nor encroach upon the field of private enterprise should be strictly maintained as it is one of the main foundations of our prosperity and success. If the case at bar clearly violated that principle it would be our duty to pronounce the act unconstitutional, but in our opinion it does not. The element of commercial enterprise is entirely lacking. The purpose of the act is neither to embark in business for the sake of direct profits (the act provides that fuel shall be furnished at cost) nor for the sake of indi-

rect gains that may result to purchasers through reduction in price by governmental competition. It is simply to enable the citizens to be supplied with something which is a necessity in its absolute sense to the enjoyment of life and health, which could otherwise be obtained with great difficulty and at times perhaps not at all, and whose absence would endanger the community as a whole. In our opinion it is a proper and constitutional function of government either to itself provide such a necessity under these circumstances or to see to it that it is so provided as to bring it within the reach of the citizens."

■ It is apparent that bronze-type flush markers for cemetery lots, however desirable aesthetically, can scarcely be deemed necessary in the sense used by the Court and are in no way comparable to water, electricity, fuel, food and other necessities of life. Moreover, they are readily obtainable, as the complaint avers, from the plaintiffs in the ordinary course of their business, and no doubt from other suppliers.

Defendant places some reliance on the enabling act under which the ordinance was adopted. 30 M.R.S.A., Sec. 5103 provides:

> \* \* \* \* \* \*
>
> "A municipality may raise or appropriate money:
>
> \* \* \* \* \* \*
>
> 3. Cemeteries. Providing for public cemeteries; maintaining private cemeteries established before 1880; caring for graves of veterans and maintaining fences around cemeteries in which veterans are buried."

Conspicuously absent, however, is any provision authorizing the sale to the public of monuments or markers. Indeed, if such a provision had been included, the statute itself in that respect might well have failed to meet the constitutional tests so clearly enunciated in Laughlin. The selling of

markers cannot be viewed as necessarily or reasonably incidental to the operation or maintenance of a cemetery by a municipality. That is a separate and distinct function appropriately left to private enterprise where as is here alleged private enterprise can supply such items.

Plaintiffs are entitled to an opportunity to prove the allegations of their complaint.

The entry will be

Appeal sustained. Judgment for the defendant set aside. Remanded to the Superior Court for further proceedings not inconsistent with this opinion.

All Justices concurring.