## McINTOSH v CITY OF MUSKEGON

Docket No. 78-733. Submitted October 4, 1978, at Grand Rapids.—
Decided January 3, 1979. Leave to appeal applied for.

Julian G. McIntosh, North J. Bourne and Hugh A. White, co-
trustees of the trust under the will of the estate of Charles
A. L. McIntosh, and Allied Stores of Michigan, Inc. brought an
action against the City of Muskegon to recover a special assess-
ment which had been paid under protest. The Brass Company
was added as a party plaintiff by stipulation. The special
assessments had been levied against the plaintiffs' properties to
finance the annual operation and maintenance of a shopping
mall. Plaintiffs' properties abutted the mall. The Muskegon
Circuit Court, Ronald M. Ryan, J., granted summary judgment
for the city, and the plaintiffs appeal, alleging that the city has
no authority to levy the special assessments for the mall's
maintenance and operations. *Held:*

The circuit court properly found that the city had the author-
ity to levy the special assessments, but, whereas the circuit
court found that the authority was implicit in the statute
which authorizes the city to levy assessments for construction
of a mall, the Court of Appeals concludes that the authority is
specifically provided in the statute.

Affirmed.

MUNICIPAL CORPORATIONS — STATUTES — SHOPPING MALLS — SPECIAL
ASSESSMENTS.

A city is specifically granted, by statute, the authority to acquire
lands for the construction of a shopping mall and to levy a
special assessment against lands which comprise an integral
part of such a mall for the purpose of financing the construc-
tion of the mall, and a strict construction of the statute reveals
that a special assessment against such lands for the ongoing
maintenance and operation of the mall is also specifically
authorized (MCL 125.981, 125.982; MSA 5.3533[1], 5.3533[2]).

REFERENCES FOR POINTS IN HEADNOTE

56 Am Jur 2d, Municipal Corporations, Counties, and Other Politi-
cal Subdivisions § 532.

70 Am Jur 2d, Special or Local Assessments § 9.

*Parmenter, Forsythe, Rude, Van Epps & Briggs,* for plaintiffs.

*O'Toole, Stevens, Schuler, Johnson, Hipkiss, Piasecki & Knowlton* (by *Harold M. Strut*), for defendant.

Before: D. F. WALSH, P.J., and T. M. BURNS and C. J. BYRNS,* JJ.

PER CURIAM. The issue in this case is whether the defendant City of Muskegon is authorized by 1961 PA 120, MCL 125.981 *et seq.;* MSA 5.3533(1) *et seq.,* to levy a special assessment on plaintiffs' property to raise funds for the annual operation and maintenance of the Muskegon Mall which was constructed by the city under the act.

Plaintiffs, property owners abutting the mall, filed this action to recover the special assessment tax paid under protest in 1976. During the pendency of the suit the parties stipulated to inclusion of the assessments for 1977 and 1978. The question narrowed to the issues stated above and both parties filed motions for summary judgment under GCR 1963, 117.2(3), claiming their respective interpretation of the statute was correct. The trial court concluded that the city was empowered to levy a special assessment solely for operation and maintenance of the mall and granted judgment for the city in a written opinion. Plaintiffs appeal.

The statute provides in relevant part:

"Sec. 1. Any city with a master plan for the physical development of the city, which includes therein the redevelopment of a principal shopping area, in respect to such redevelopment project may:

\*　\*　\*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"(f) Construct malls with such bus stops, information centers and other buildings as will serve the public interest.

"(g) Acquire by purchase, gift or condemnation and to own, maintain or operate any lands necessary to accomplish the foregoing." MCL 125.981; MSA 5.3533(1).

"Sec. 2. The cost of the whole or any part of a redevelopment project as authorized in this act may be financed by any one or more of the following methods:

*   *   *

"(e) By the levying of special assessments against lands." MCL 125.982; MSA 5.3533(2).

Plaintiffs do not challenge the authority of defendant to levy a special assessment for construction of the mall, but argue there is ño authority to levy a special assessment for operation and maintenance of the mall. Under plaintiffs' construction of the statute, that authority is not specifically granted and, under *Sebewaing Industries, Inc v Village of Sebewaing,* 337 Mich 530, 546; 60 NW2d 444 (1953), and similar cases, a court cannot infer a power the Legislature has not specifically provided for a municipality. See, 13 McQuillin, Municipal Corporations (3d ed), §§ 37.23, 37.24.

Both parties and the trial court agree that the language of § 1(f) and (g) is not as clear or explicit as it could have been. However, we find it unnecessary to imply any authority to levy special assessments for maintenance and operation, as the trial court did, because we are convinced that the authority to so tax was specifically granted by the Legislature.

Section 1(g), quoted above, empowers the city "to own, maintain or operate any lands necessary to accomplish the foregoing". The "foregoing" in this context obviously refers to subparagraphs (a)

through (f) which precede subparagraph (g) in this section of the act.

The only previous subparagraph to which the last clause of subparagraph (g) could possibly refer in the present context is subparagraph (f), which empowers defendant city to "construct malls with such bus stops, information centers and other buildings as will serve the public interest".

It is essential to note two important facts. First, the lands on which the city has levied a special assessment comprise an integral part of the enclosed mall itself and thus are without doubt, "lands necessary to accomplish the foregoing", *i.e.,* lands necessary to accomplish the construction of a mall with bus stops, information centers and other buildings serving the public interest. Without the stores there would be no mall.

Secondly, it is essential to note that the empowering language in subparagraph (g) authorizes defendant to "*maintain* or *operate* any lands necessary to accomplish the foregoing". (Emphasis added.) The words maintain and operate, as utilized in subparagraph (g), connote continuing and ongoing actions on defendant's part. A reading of subparagraphs (f) and (g) *in pari materia* requires the conclusion that defendant is authorized to maintain or operate, on a continuing basis, the lands constituting the mall itself.

Since the maintenance or operation of this property is authorized by subparagraphs (f) and (g), the city is also authorized, by virtue of MCL 125.982(e); MSA 5.3533(2)(e), to levy a special assessment against plaintiffs' property to fund the operation and maintenance of the mall property on a continuing basis. The specific statutory language itself empowers defendant to levy the special assessment, and it is thus unnecessary to hold,

as the trial judge did, that although the statute does not specifically authorize defendant's action, it does so implicitly if liberally construed. Strict construction of the statute does not require that a court ignore a grant of power which can be found under general rules of statutory construction.

Affirmed.